TOWN AND COUNTRY HOMES, LIMITED, AN
HAWAIIAN CORPORATION, ON BEHALF OF
ITSELF AND ALL OTHERS WHO MAY BE IN-
TERESTED IN PLAINTIFF'S CAUSE, *v.* BER-
NICE DWIGHT SPITZ.

No. 1951.

ARGUED OCTOBER 16, 1930.　　　DECIDED NOVEMBER 17, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is an appeal from a decree granting to the com-
plainant certain injunctive relief.

In December of 1924 the complainant was the owner
in fee simple of a tract of land situated at Kailua in the
district of Koolaupoko on the Island of Oahu. The tract
was thereafter divided into lots and a portion of it became
known as Lanikai Beach Tract Extension No. 4. A map
of this division was filed in the land court and was ap-
proved by said court on June 4, 1926. At the time this suit

was brought the complainant had sold many of the lots but was still the owner of some of them. On March 18, 1926, Lot No. 146 was sold to Edna Beryl Harte and a deed of conveyance was duly executed. In this deed of conveyance the grantee agreed on her own behalf and on behalf of her heirs and assigns as follows: "That at no time within the period beginning with the date of this agreement to the 1st day of January, nineteen hundred fifty (1950), shall any building or structure or any part thereof (except a boundary fence or wall not more than three and one-half feet above the ground line) be erected or placed or allowed to remain on the said premises within twenty-five feet of the property boundary line of any street adjoining said premises nor within ten feet of the property boundary line on any right of way leading to the beach; it being understood, however, that the grantor has reserved the right to waive this restriction on all lots where the grade or elevation of the premises will not admit of compliance therewith." On the 13th day of February, 1929, said Edna B. Harte conveyed Lot 146 to the respondent herein, Bernice Dwight Spitz. This conveyance was made and accepted subject to all those certain "restrictive covenants and conditions, relative to the use of said land, as set forth in that certain deed of the Town and Country Homes, Limited, to the said Edna Beryl Harte, dated May 18th, A. D. 1926." After the conveyance to her the respondent, in spite of the requests of the complainant to desist therefrom, caused to be erected and has permitted to remain on Lot 146 a structure, namely, a garage that is within twelve feet of the property boundary line of said lot along Alapapa drive, a street adjoining said premises. The grade and elevation of the premises are such that the garage can be so placed as to comply with the restriction as to distance from the boundary line. The circuit judge en-

tered a decree which in effect enjoined the respondent from permitting the garage to remain in its present location and commanding her to move it to a distance from the boundary line not prohibited by the restriction.

It is the contention of the respondent, and this is her sole contention, that the decree was erroneous for the reason that it appears from the evidence that the restriction claimed to have been violated was waived by the complainant's permitting other breaches of restrictive covenants by owners of lots within the district.

The fact mainly relied upon to support the contention is that Dean Lake, the owner of a lot within the restricted district, was permitted by the complainant to construct a garage on his lot that abutted on Alapapa drive nearer to the boundary line than twenty-five feet. The fact is conceded but it is claimed by the complainant that it can avail the respondent nothing because under the circumstances that are in evidence it had a right by the terms of its deed of conveyance to the respondent's grantor (which are binding on the respondent) to waive compliance, so far as Lake was concerned, with the restriction now under consideration. The clause in the deed from complainant to the respondent's grantor embodying this restriction contains the following provision: "It being understood, however, that the said grantor reserves the right to waive this restriction on all lots where the grade or elevation of the premises will not admit of compliance therewith."

This seems to narrow the case to the single question of whether the grade or elevation of the Lake lot was such as not to admit of compliance with the restriction. That is to say, whether the natural conformation of the ground made it impracticable to construct thereon a garage that would not be less than twenty-five feet from the boundary line of the property abutting the street. The evidence bearing on this subject is as follows:

656

Mr. Charles Russell Frazier, president and manager of the complainant corporation, testified as follows: "Q A picture has been introduced showing Dean Lake's house and garage and also a separate picture of his garage. What is the nature of the land on which those buildings are erected? A The land runs very steep a very short distance back from the road. Q And about how far back from the road does it go up in a steep bluff? A That particular place I should judge about 25 feet, somewhere in that neighborhood. Q So there would not be room from the bottom of the bluff to the street within which to erect a garage and have the front of the garage 25 feet back from the roadway? A No, not unless you dug into the bank. * * * Q That separate picture of the garage is respondent's exhibit 4. The deed provides for conditions such as this where the grade and elevation will not admit a compliance with the covenants, does it not?" (This question was objected to by respondent and the objection was overruled.) "A It does. Q And that lot was one of the lots to which that covenant would apply? A It is. Q That was one of the lots which it was intended you could waive the restriction as to the set back, was it not? A It was." (This question was objected to by the respondent and the objection was overruled, the court saying: "It is a mixed question of law and fact. I don't know whether the witness' opinion on it is of much value to the court, but I will allow it. The answer may stand.")

Frank Fernandez Lewis, a contractor who was called as a witness on behalf of the respondent, testified on direct examination as follows: "Q Showing you respondent's exhibits 3, 3A and 4, representing the Lake premises, as a reminder of the situation over there, could the garage have been constructed farther back from the street? A I presume it could. Q What do you mean by 'presume?' A It could be done." On cross-examination the witness testi-

fied as follows: "Q How could that garage have been built farther back? A By excavating in the rear. Q Excavating what? A Side of the hill. Q That is a steep, rocky bluff? A Yes."

James Yap, a construction engineer, was called as a witness in behalf of the respondent and testified on direct examination as follows: "Q Did you go over to Lanikai to take some measurements for me? A Yes. Q Did I ask you at that time to determine whether the Dean Lake garage could be constructed farther back from the road? A Yes. Q Did you do so? A I did. Q What was your conclusion? A It could be done. Q Could it be constructed 25 feet back from the road? A The main house itself. Mr. Stanley:" (counsel for complainant) "The garage itself is the question. The Court: Just answer the question. (Question read as follows: Q 'Could it be constructed 25 feet back from the road?') A Yes." On cross-examination this witness testified as follows: "Q How could this garage have been constructed more than 25 feet back? A By excavating the side hill. Q And that bluff runs up back of the house, doesn't it? A Yes, it runs back of the main house; it runs around this way. Q There was no excavation necessary for the building of the house, was there? A Not that I know of."

This evidence, which is all there was on the subject, shows conclusively that the Lake garage could not have been constructed in conformity with the restriction without changing the natural formation of the ground by excavation. The right of the complainant to waive the restriction in Lake's behalf was not dependent on whether the ground could by artificial means be adapted to the construction of a garage that would be in conformity with the restriction but was dependent upon whether the ground in its natural state was so adapted. The language reserving the right is not reasonably susceptible of any

other meaning. This being the agreement of the parties the respondent cannot claim immunity from compliance with the restriction because Lake was not required to comply with it.

It is contended by the respondent that the evidence indicates that compliance with other and different restrictive provisions in the deeds of conveyance were waived by the complainant without contractual authority. This, however, conceding it to be true, did not justify the respondent in refusing to comply with the restriction involved in the instant case. This restriction has no connection whatever with and is totally unrelated to those which the respondent perhaps waived without contractual right.

The decree appealed from is affirmed.

*C. D. Pratt (Smith, Warren, Stanley & Vitousek* on the briefs) for petitioner.

*Marguerite K. Ashford (Thompson, Beebe & Winn* on the briefs) for respondent.

